## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

JONATHAN SCOTT GRAHAM,      )
          )
    Petitioner,             )
          )
v.                       )    Case No. CIV-20-828-G
          )
LUKE PETTIGREW, Warden,       )
          )
    Respondent.[1]        )

### ORDER

Petitioner Jonathan Scott Graham, a state prisoner appearing pro se, initiated this action on August 18, 2020, filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his conviction under 28 U.S.C § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.

On July 22, 2021, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 16), in which she recommended that this action be dismissed on screening based upon Petitioner's failure to exhaust his state-court remedies. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. ("Section 2254 Rules"). On August 5, 2021, Plaintiff filed a timely Objection to the R. & R. (Doc. No. 18).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*,

---

[1] The current warden of Petitioner's facility is hereby substituted as Respondent pursuant to Federal Rules of Civil Procedure 25(d) and 81(a)(4).

73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Having conducted this de novo review, the Court finds as follows.

I.    *Background*

Petitioner alleges that in January 2005, he was convicted and sentenced to life without parole in Oklahoma County District Court after pleading guilty to charges of "murder, rape[,] burglary, [and] child porn." Pet. at 1. Petitioner states that he cannot remember the case number. *See id.* Liberally construed, Petitioner seeks habeas relief based on two alleged constitutional errors relating to his state-court conviction: (1) ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) lack of subject-matter jurisdiction, citing *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *See* Pet. at 5-8, 8-11.

In the form Petitioner used to prepare his Petition for a Writ of Habeas Corpus, he was prompted to provide information regarding his appeal and postconviction efforts. Petitioner wrote "N/A" or "None," representing that he did not attempt to appeal or otherwise seek review of his state-court conviction or sentence. *See id.* at 2-5, 12. And, when prompted to explain why he did not exhaust his state remedies on the specified grounds, Petitioner stated "Didn't file any attacks until now" and "No other attack." *Id.* at 5. Finding that these statements—verified by Petitioner under penalty of perjury— demonstrate a failure to exhaust state-court remedies as required by 28 U.S.C § 2254(b)(1), Judge Mitchell recommended that this Court dismiss the Petition without prejudice to refiling. *See id.* at 20; R. & R. at 2-5.

2

Publicly available dockets[2] reflect that in January 2005, Petitioner pled guilty to felony counts in two cases in Oklahoma County District Court.  In Case No. CF-2004-2542, he was convicted of first-degree murder, rape, and burglary.  *See State v. Graham*, No. CF-2004-2542 (Okla. Cnty. Dist. Ct.).  In Case No. CF-2004-2412, he was convicted on multiple counts of pornography possession and taking clandestine photographs.  *See State v. Graham*, No. CF-2004-2412 (Okla. Cnty. Dist. Ct.).  These dockets reflect, consistent with the findings of the R. & R., that Petitioner did not seek to withdraw his guilty plea or otherwise pursue a direct appeal of either conviction.  *See* R. & R. at 3.

II.      *Discussion*

In order to be heard in federal court on a petition for writ of habeas corpus, a state prisoner generally must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).  When a habeas corpus petitioner's failure to exhaust is "clear from the face of his petition," sua sponte dismissal is proper.  *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009); *see* Section 2254 R. 4.

---

[2] *See* https://www.oscn.net/dockets/ (last visited Dec. 29, 2021).

In his Objection to the R. & R., Petitioner raises three arguments—liberally construed—as to why his Petition should be heard despite the failure to exhaust that is clear from the face of that document.  The Court considers the three arguments in turn.

### A.  Petitioner's First Argument

Petitioner first argues that exhaustion is not necessary in his case as Oklahoma lacks jurisdiction in Indian Country and therefore lacked jurisdiction over his criminal proceeding.  *See* Pet'r's Obj. at 4.  This Court and others have held, however, that a petitioner must exhaust state-court remedies even if there is a *McGirt* claim—i.e., a claim that the State of Oklahoma lacked jurisdiction pursuant to *McGirt*—raised in the federal habeas proceeding.  *See, e.g.*, *Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021); *Collins v. LNU*, No. CIV-21-285-F, 2021 WL 1630549, at *1 (W.D. Okla. Apr. 27, 2021); *Tiger v. Cline*, No. 19-3088, 2021 WL 4453576, at *1 (D. Kan. Sept. 29, 2021).  "[T]he Section 2254 [exhaustion] requirement contains no exception for jurisdictional claims."  *Draper v. Pettigrew,* No. CIV-20-800-D, 2020 WL 8225500, at *4 (W.D. Okla. Dec. 22, 2020) (R. & R.), *adopted*, 2021 WL 203313 (W.D. Okla. Jan. 20, 2021).  Further, there is no reason provided that Petitioner would not have been required to exhaust his *Strickland* ineffective-assistance habeas claim.  Accordingly, the Court rejects this contention.

### B.  Petitioner's Second Argument

Petitioner additionally argues that the Magistrate Judge's factual findings were incorrect because "Petitioner certainly did attack his conviction at the appellate level." Pet'r's Obj. at 3.  As outlined above, there was no such error committed.  The R. & R.

appropriately relied on the information in the Petition, which Petitioner had verified to be true and correct, to conclude that Petitioner had not participated in the state appellate review process prior to seeking federal habeas relief. *See* Pet. at 2-5, 12; Section 2254 R. 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). This assertion is meritless.

### C. *Petitioner's Third Argument*

Petitioner also argues that he has now fulfilled the exhaustion requirement by two means. First, he points to a "Motion to File Nunc Pro Tunc Under 22 O.S. 2011 § 1080" (Doc. No. 17), which he filed in this Court on July 26, 2021. *See* Pet'r's Obj. at 3. The act of filing a motion in federal court has no bearing on whether Petitioner has pursued his remedies in the state courts, however. Further, to the extent Petitioner relies upon violation of Oklahoma law as support for his Petition, the Supreme Court "ha[s] stated many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted).

Second, Petitioner suggests that since filing his Petition in this Court he has sought relief in the Oklahoma Court of Criminal Appeals ("OCCA"). Specifically, Petitioner cites "OKC Crim.App. PC 2021-152" and argues that his pursuit of this postconviction proceeding fulfills the 28 U.S.C. § 2254(b)(1) exhaustion requirement. Pet'r's Obj. at 2-3.

The publicly available state-court dockets reflect that Petitioner, since filing his Petition in this Court, has sought additional relief in one of the state criminal cases referenced in the Petition. In November 2020, Petitioner filed an "application for post

conviction relief or in the alternative, application . . . for appeal out of time" in Oklahoma County Case No. CF-2004-2542. *State v. Graham*, No. CF-2004-2542 (docket entry of Nov. 16, 2020). The trial court dismissed this application, and Petitioner appealed. On December 30, 2020, the OCCA dismissed the appeal based upon Petitioner's failure to submit documentation proving that he had been denied relief by the trial court. *See Graham v. State*, No. PC-2020-875 (Okla. Crim. App.) (Order Declining Jurisdiction (Dec. 30, 2020)).

Next, on December 7, 2020, Petitioner filed a second application for postconviction relief/appeal out of time. *See State v. Graham*, No. CF-2004-2542 (docket entry of Dec. 7, 2020). The trial court denied the application, and Petitioner appealed. *See Graham v. State*, No. PC-2021-152 (Okla. Crim. App.); *see also* Pet'r's Obj. at 3. On March 23, 2021, the OCCA dismissed the appeal due to Petitioner's failure to timely file the notice of postconviction appeal in the trial court. *See Graham v. State*, No. PC-2021-152 (Order Declining Jurisdiction (Mar. 23, 2021)).

It is not apparent from the materials before the Court—including the Petition, Petitioner's Objection, and the publicly available state-court dockets and documents referenced above—that Petitioner's recent postconviction efforts are sufficient to fulfill the exhaustion requirement for any of the claims Petitioner now seeks to raise in this habeas action, even assuming those claims are not otherwise barred. Among other issues, the Petition references the judgments entered in both Case No. CF-2004-2542 (murder, rape, and burglary) and Case No. CF-2004-2412 ("child porn"), *see* Pet. at 1, but the Objection cites only Case No. CF-2004-2542 and it is only in that case in which Petitioner has

6

returned to the state courts,[3] *see* Pet'r's Obj. at 2-3.  Further, even upon considering the

limited information and materials obtained by the Court from the publicly available state-

court dockets, the Court cannot discern the exact nature of Petitioner's state-court

applications or the grounds for relief raised therein.  In other words, Petitioner has not

adequately established either (1) the factual and legal bases of Petitioner's federal habeas

claims or (2) the factual and legal bases of the applications and appeals Petitioner submitted

to the state courts.  It is therefore unclear whether "the substance of the claim[s] he is

arguing here" is the same as the arguments he made to the OCCA, as required for proper

exhaustion.  *Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018) ("A claim is

exhausted only after it has been 'fairly presented' to the state court.  'Fair presentation'

requires that the substance of the federal claim was raised in state court." (citation and

internal quotation marks omitted)).

Having considered the new information presented by Petitioner in his Objection, the

Court will grant Petitioner the opportunity to plead facts showing that the claims he seeks

to raise in this habeas action have been properly exhausted and are not otherwise barred.

Accordingly, the Court accepts Judge Mitchell's findings and conclusions with the

exception that, in lieu of dismissal of this matter, the Court allows Petitioner the

opportunity to amend his pleading to clarify his allegations and habeas claims.

---

[3] Although a § 2254 petitioner is entitled to separately seek habeas relief from each "judgment of a State court," he "[a]rguably . . . may join his challenges to . . . two separate judgments in one petition" if "they originated from the same state court."  28 U.S.C. § 2254(b)(1); *Jamison v. Jones*, No. CIV-06-48-C, 2006 WL 1049977, at *1 n.2 (W.D. Okla. Apr. 18, 2006); *see also* Section 2254 R. 2(d) advisory committee's note to 1976 adoption.

CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 16) as modified above.  Specifically, it is hereby ORDERED that:

(1) Petitioner may file an amended 28 U.S.C. § 2254 habeas corpus petition, properly completed and signed, within 21 days of the date of entry of this Order (or such later date as may be set by the Magistrate Judge);

(2) The Clerk of Court shall send Petitioner the necessary form to comply with this Order;

(3) Petitioner's pending motions (Doc. Nos. 10, 14, 17) are DENIED AS MOOT; and

(4) This matter is re-referred to Judge Mitchell for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 12th day of January, 2022.

CHARLES B. GOODWIN
United States District Judge