## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JONATHAN SCOTT GRAHAM,           )
                                 )
      Petitioner,              )
                                 )
v.                               )      Case No. CIV-20-828-G
                                 )
LUKE PETTIGREW, Warden,          )
                                 )
      Respondent.              )

## <u>ORDER</u>

Petitioner Jonathan Scott Graham, a state prisoner appearing pro se, initiated this action on August 18, 2020, seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.  Now at issue is Judge Mitchell's Second Report and Recommendation (Doc. No. 21).

### I.  *Procedural Background*

On July 22, 2021, Judge Mitchell issued her first Report and Recommendation (Doc. No. 16), in which she recommended that this action be dismissed on screening based upon Petitioner's failure to exhaust state-court remedies.  On January 12, 2022, this Court modified and adopted the Report and Recommendation, allowing Petitioner to file an amended petition to provide further detail regarding his exhaustion efforts and to clarify his allegations and habeas claims.  *See* Doc. No. 19.

Petitioner filed his Amended Petition (Doc. No. 20), and on April 8, 2022, Judge Mitchell issued a Second Report and Recommendation ("Second R. & R.") recommending

dismissal due to Petitioner's habeas action being time barred.  *See* Second R. & R. (Doc. No. 21) at 2-3; R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.  Petitioner timely filed an Objection to the Second R. & R. (Doc. No. 22).

Pursuant to controlling authority, the Court reviews de novo the portions of the Second R. & R. to which specific objections have been made.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted this de novo review, the Court finds as follows.

II.     *The Second Report and Recommendation*

Petitioner seeks habeas relief under 28 U.S.C. § 2254 from his state-court criminal conviction and sentence, arguing that pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma did not have subject-matter jurisdiction to prosecute him. *See* Am. Pet. at 1-6.

As noted by Judge Mitchell, a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  This limitations period generally runs from the date on which the state-court judgment became "final" under § 2244(d)(1)(A).  *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On January 5, 2005, Petitioner pled guilty to three criminal counts in Oklahoma County District Court and was sentenced to life without the possibility of parole.  *See State v. Graham*, No. CF-2004-2542 (Okla. Cnty. Dist. Ct.);[1] Am. Pet. at 1.  He did not move to

---

[1] The state-court docket is publicly available at https://www.oscn.net (last visited Oct. 7, 2022).

withdraw his guilty plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence; therefore, his conviction became final on or about January 18, 2005.  *See* Okla. Ct. of Crim. Appeals ("OCCA") R. 1.5, 4.2(A); Okla. Stat. tit. 12, § 2006(A)(1); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).   Consequently, pursuant to 28 U.S.C. 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day, and, absent any tolling, expired on or about January 19, 2006.  *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).[2]

Judge Mitchell therefore concluded that this habeas action was untimely filed under 28 U.S.C. § 2244(d).  *See* Second R. & R. at 6-8.  The Second R. & R. further determined that neither statutory nor equitable tolling applied, and so the claims raised in the Amended Petition should be dismissed.  *See id.* at 8-11; *see also Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

III.    *Petitioner's Objection*

Liberally construed, Petitioner objects that § 2244(d)'s limitations period does not apply because his habeas claims are challenging the State of Oklahoma's lack of jurisdiction over his criminal prosecution.  *See* Pet'r's Obj. at 2.  Petitioner's argument is unavailing.  "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."  *Yellowbear v. Wyo. Att'y*

---

[2] The Second R. & R. found that Petitioner was convicted and sentenced on May 18, 2005. *See* Second R. & R. at 7-8 & n.4.  This finding was based on the date that Petitioner was docketed as delivered into custody, however, rather than the date that the judgment and sentence were pronounced by the state court.  *See State v. Graham*, CF-2004-2542 (Okla. Cnty. Dist. Ct.); Am. Pet. at 1.   The error did not materially affect the analysis or recommendations of the Second R. & R. and is noted only for purposes of clarification.

*Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).  "As with any other habeas claim," however, §

2254 claims predicated on the convicting court's lack of jurisdiction are "subject to

dismissal for untimeliness."  *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011);

*accord United States v. Patrick*, 264 F. App'x 693, 695-96 (10th Cir. 2008).  Accordingly,

district courts consistently hold that § 2244(d)'s timeliness limitations apply to habeas

actions seeking relief under *McGirt*.  *See, e.g.*, *Jones v. Pettigrew*, No. CIV-18-633-G,

2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *Harcourt v. Dennis*, No. CIV-22-

113-PRW, 2022 WL 2665957, at *6 (W.D. Okla. July 11, 2022).  Petitioner's habeas action

is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.[3]

IV.     *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must

issue or deny a certificate of appealability ("COA") when it enters a final order adverse to

a petitioner.  A COA may issue only upon "a substantial showing of the denial of a

constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional

claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct

---

[3] Further, "[c]ourts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under [28 U.S.C.] § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction."  *Jones*, 2021 WL 3854755, at *3 (citing *Littlejohn v. Crow*, No. 18-CV-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021)).

in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

CONCLUSION

Accordingly, the Second Report and Recommendation (Doc. No. 21) is ADOPTED as modified herein, and the Amended Petition for Writ of Habeas Corpus (Doc. No. 20) is DISMISSED without prejudice as untimely. Petitioner's pending motion (Doc. No. 23) is DENIED AS MOOT.

It is further ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 14th day of October, 2022.

CHARLES B. GOODWIN
United States District Judge